ARTHUR R. FORCE, APPELLANT, *v.* WILLIAM PEC-
COLE, L. L. OUSLEY, FRANK S. DITTMAN AND
MARGARET A. DITTMAN, HUSBAND AND WIFE,
JOHN DOES I TO V, JANE DOES I TO V, JOHN
DOE CORPORATION, A CORPORATION, JOHN
DOE AND RICHARD ROE, A COPARTNERSHIP,
RESPONDENTS.

No. 4029

March 11, 1958                                       322 P.2d 307

*William P. Compton,* of Las Vegas, for Appellant.

*George E. Franklin, Jr.,* of Las Vegas, for Respond-
ents.

## OPINION

*Per Curiam:*

This is an appeal from summary judgment rendered
by the trial court against the appellant as plaintiff in
the action below. The action is brought to establish an
interest in a joint venture claimed by the plaintiff
through an assignment from one J. J. Sheppard whose
interest, in turn, is allegedly established or evidenced by

a written contract to which the defendants are parties. Sheppard himself was not a party to the contract.

The ground upon which the trial court based judgment does not appear from the record. In support of judgment respondents contend that appellant has failed to establish himself as a third party beneficiary of the contract or as grantee of an interest in the joint venture. Without further clarification and briefing we are reluctant to attempt specification of the issues thus raised and to dispose of them upon the merits. However, even assuming merit in respondents' position, the propositions they assert, as we understand them, either go to the sufficiency of the complaint to state a claim or anticipate matters of pleading or proof. They do not demonstrate as a matter of law that no cause of action actually exists and that respondents are now entitled to judgment. A distinction must be recognized between the question: Has a claim been stated? and the question: Has it been demonstrated that no claim can be stated since no claim exists? Ramsouer v. Midland Valley R. Co., 44 F.Supp. 523.

This being so, the issue of appellant's right to an interest in the joint venture remains for determination, although issues relating to the sufficiency of pleadings may preliminarily be involved also. Summary judgment, then, was error.

Reversed and remanded with instructions that summary judgment be set aside and for further proceedings.